**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LEHMAN BROTHERS INTERNATIONAL (EUROPE) (in administration),<br><br>*Plaintiff*,<br><br>v.<br><br>AG Financial Products, Inc.,<br><br>*Defendant*. | Case No. _____<br><br>NOTICE OF REMOVAL<br><br>Removed from:<br><br>Supreme Court of the State of New York, County of New York<br><br>Index No. 653284/2011 |

**TO THE CLERK OF THE DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1452, Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the *Amended Standing Order of Reference* issued by the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.) (the "Standing Order of Reference"), Lehman Brothers International (Europe) (in administration) ("LBIE") hereby removes the civil action titled: *Lehman Bros. Int'l (Europe) (in administration) v. AG Financial Products, Inc.*, Index No. 653284/2011 (the "AG Action"), pending in the Supreme Court of the State of New York, County of New York, Commercial Division (the "State Court") to this Court for assignment to Judge Shelley C. Chapman in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), who presides over the chapter 15 bankruptcy case *In re Lehman Brothers International (Europe) (in administration)*, Case No. 18-11470 (SCC) (Bankr. S.D.N.Y. filed May 14, 2019) (the "Chapter 15 Case"). As set forth herein, removal and assignment to Judge Chapman is appropriate because the claims and causes of action in the AG

1

Action arise under and relate to the Chapter 15 Case.  In support of removal of the AG Action, LBIE states the following:

### The AG Action

LBIE entered insolvency proceedings (the "English Proceeding") on September 15, 2008 before the Chancery Division (Companies Court) of High Court of Justice of England and Wales (the "High Court").  In October 2009, AG Financial Products, Inc. ("AGFP") submitted two valuation statements collectively seeking approximately $28 million from the LBIE estate, arising from AGFP's early termination of a series of credit default swaps, governed by a 1992 ISDA Master Agreement (the "Master Agreement"), each referencing different underlying mortgage-backed securities and collateralized loan obligations.  The valuation statements constituted demands for payment from the LBIE estate, which the administrators have treated as a proof of debt (akin to a proof of claim) in the English Proceeding.

On November 28, 2011, LBIE filed and served a Summons and Complaint on AGFP, commencing the AG Action in the State Court.  A true and correct copy of the Summons with Notice is attached hereto as Exhibit A.  AGFP filed its Answer and Counterclaims to the Complaint on April 22, 2013.  A true and correct copy of the Answer and Counterclaims is attached hereto as Exhibit B.  The AG Action arises out of the same Master Agreement giving rise to the valuation statements submitted by AGFP in the LBIE administration.  LBIE asserts a claim for breach of contract based on AGFP's failure to value the CDS reasonably and in good faith.  AGFP has asserted counterclaims for breach of contract and attorney's fees.

### The Chapter 15 Case

On May 14, 2018, the administrators of the LBIE estate commenced the Chapter 15 Case by filing a petition and supporting documents (*see* ECF Nos. 1 and 2 in the Chapter 15 Case),

seeking entry of an order (a) recognizing the English Proceeding as a foreign main proceeding pursuant to section 1517(b) of the Bankruptcy Code, (b) recognizing, and granting comity to, and giving full force and effect within the territorial jurisdiction of the United States to LBIE's scheme of arrangement, and (c) permanently enjoining all parties from commencing or continuing any action against LBIE or its assets located within the territorial jurisdiction of the United States.  On June 19, 2018, the Bankruptcy Court entered an order recognizing the English Proceeding as a foreign main proceeding and granted related relief (ECF No. 15 in the Chapter 15 Case).  The Recognition Order provides that "nothing herein shall enjoin or otherwise stay the [AG Action]." *Id*., at 9 (¶ 6).

On March 23, 2020, the Bankruptcy Court entered an order closing the Chapter 15 Case.  The order provided, in relevant part:  "This Order is without prejudice to the right of [LBIE] to request entry of an order reopening the Chapter 15."  ECF No. 29 in the Chapter 15 Case, at 8 (¶ 6).  A motion to reopen the Chapter 15 Case (the "Motion to Reopen") was filed in the Bankruptcy Court on November 3, 2020, prior to the filing of this Notice of Removal.  LBIE is also moving for enlargement of the time for removal (the "Motion to Enlarge") before the Bankruptcy Court pursuant to Bankruptcy Rule 9006(b).

### Right to Removal

The AG Action is removable pursuant to 28 U.S.C. § 1452(a), which provides:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

The requirements for removal under § 1452(a) are met here.

*First*, the AG Action is a civil action that is not before the United States Tax Court and was not brought by a governmental unit.

*Second*, the AG Action is pending in the Supreme Court of the State of New York, County of New York, Commercial Division, which is within the Southern District of New York.

*Third*, this Court (and by reference the Bankruptcy Court) has jurisdiction under 28 U.S.C. § 1334(b), which provides:

> [e]xcept as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

The AG Action is a "core" proceeding that arises under chapter 15 of title 11. *See* 28 U.S.C. § 157(b)(2)(P). In a case under chapter 15, the court may grant the foreign representative "any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a)." 11 USC § 1521(a)(7); *see also In re AJW Offshore, Ltd.*, 488 B.R. 551, 558–59 (Bankr. E.D.N.Y. 2013) ("'Section 1521 is a broad reservoir of equitable power' which enables courts to 'grant any appropriate relief ... to effectuate the purpose of chapter 15 and to protect the assets of the debtor or the interests of creditors.'") (citation omitted). Pursuant to section 1521, LBIE seeks to (i) invoke section 502(b) of the Bankruptcy Code to resolve the claims asserted by AGFP against the LBIE estate under the Master Agreement and (ii) collect amounts owed to the LBIE estate under the same Master Agreement.

Moreover, the AG Action is, at the very least, "related to" the Chapter 15 Case. A state court proceeding is "related to" a bankruptcy case if the proceeding's "outcome might have any conceivable effect on the bankrupt estate." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339–40 (2d

4

Cir. 2018) (citation omitted). The court's "related to" jurisdiction is "fairly capacious" and includes an action "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* at 340 (citation omitted). The Supreme Court has held that "related to" jurisdiction under 28 U.S.C. § 1334(b) should be interpreted broadly. *Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 (1995).

The AG Action is "related to" the Chapter 15 Case because its outcome will directly impact LBIE's rights and liabilities in that resolution of the AG Action will add to, or subtract from, the property of the LBIE estate. Pursuant to 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The Standing Order of Reference provides that "[p]ursuant to 28 U.S.C. Section 157(a) any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district."

## Additional Requirements

This Notice of Removal is timely filed, as it is being filed contemporaneously with LBIE's reopening of the Chapter 15 Case and/or because the time for removal should be enlarged pursuant to Bankruptcy Rule 9006. 28 U.S.C. § 1452; Fed. R. Bankr. P. 9027(a)(2); Fed. R. Bankr. P. 9006(b)(1).

Pursuant to Bankruptcy Rule 9027(a)(1), this Notice of Removal is being filed with the clerk for the district and division within which the AG Action is located. Pursuant to the Standing Order of Reference, LBIE seeks assignment of the AG Action to Judge Chapman in the Bankruptcy Court.

Pursuant to Bankruptcy Rule 9027(a)(1), this Notice of Removal is signed pursuant to Bankruptcy Rule 9011 and contains a short and plain statement of the facts that entitle LBIE to remove.

Pursuant to Bankruptcy Rule 9027(a)(1), LBIE consents to entry of finals orders or judgment by the Bankruptcy Court.

Pursuant to Bankruptcy Rule 9027(a)(1), a copy of all process and pleadings in the AG Action is attached hereto as Exhibit A (Summons and Complaint) and Exhibit B (Answer and Counterclaims).

Pursuant to Bankruptcy Rule 9027(b), LBIE will promptly serve a copy of this filed Notice of Removal on AGFP.

Pursuant to Bankruptcy Rule 9027(c), LBIE will promptly file a copy of this Notice of Removal with the Supreme Court of the State of New York, County of New York, Commercial Division.

Respectfully submitted,

Dated: New York, New York
November 3, 2020

Respectfully submitted,

By: /s/ Andrew J. Rossman
Andrew J. Rossman
David S. Mader
Lindsay M. Weber
Nathan Goralnik

Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Fl.
New York, NY 10010
Telephone: 212-849-7000
Facsimile: 212-849-7100

*Attorneys for Lehman Brothers International (Europe) (in administration)*